IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NICADEMUS ORLANDO JOHNSON,  *

    Plaintiff,   *

      v.   *   2:10-CV-900-ID
                                      (WO)

OFFICER ANTHONY MCLENDON,   *
*et al.*,
    Defendants.   *

_____

**ORDER ON MOTION**

Plaintiff filed a pleading on November 3, 2010 which the court considers to contain a request that the undersigned recuse himself from the captioned action as a result of his involvement in matters associated with Plaintiff's criminal proceedings before this court. *See United States v. Johnson*, Criminal No. 2:09-CR-85-MHT. The court understands Plaintiff to seek recusal of the undersigned pursuant to 28 U.S.C. § 144. The law of this Circuit is clear that "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000). A motion for disqualification under § 144 "must demonstrate that the alleged bias is personal as opposed to judicial in nature. . . The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case." *United States v. Meester,* 762

F.2d 867, 884 (11th Cir. 1985) (citations omitted); *see also Loranger v. Stierheim,* 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal"). Mere adverse rulings do not constitute the sort of pervasive bias that necessitates recusal. *Loranger,* 10 F.3d at 781.

Upon review of Plaintiff's motion, it shows that he believes a conflict of interest exists due to the undersigned's issuance of orders in both his criminal and civil cases pending in this court. Such a showing falls well short of the necessary threshold for recusal or disqualification. *See Draper v. Reynolds,* 369 F.3d 1270, 1281-82 (11th Cir. 2004) (district court did not err in denying motion to disqualify under § 144 where movant presented no evidence that judge harbored a personal bias or prejudice either against him or in favor of any adverse party).

Because Plaintiff has presented no meritorious reason that the undersigned should recuse himself from these proceedings, it is

ORDERED that Plaintiffs' motion for recusal (*Doc. No. 5*) is DENIED.

Done, this 8th day of November 2010.

          /s/ Terry F. Moorer  
         TERRY F. MOORER  
         UNITED STATES MAGISTRATE JUDGE